Donald Crowley, Esq. County Attorney, Wayne
You ask whether one person may simultaneously serve as an elected town assessor and as a village justice or village zoning officer.
In the absence of a constitutional or statutory prohibition against dual-officeholding, one person may hold two offices simultaneously unless they are incompatible. The leading case on compatibility of office isPeople ex rel. Ryan v Green, 58 N.Y. 295 (1874). In that case the Court held that two offices are incompatible if one is subordinate to the other or if there is an inherent inconsistency between the two offices. The former can be characterized as "you cannot be your own boss", a status normally easy to see. The latter is not easily characterized, for one must analyze the duties of the two offices to ascertain whether there is an inconsistency. An obvious example is the inconsistency of holding both the office of auditor and the office of director of finance.
We are not aware of any constitutional or statutory prohibition against the simultaneous holding of the offices in question. In fact, Village Law, § 3-300(4) provides that, except as is otherwise provided by law,
 "* * * no person shall be disqualified from holding a village office by reason of holding any public office unless such public officer could not fully discharge the duties and obligations of the village office while carrying out the duties and obligations of any such other office."
None of the offices in question are subordinate to the other. A village justice court has no jurisdiction to review assessments made by a town assessor. Jurisdiction over such matters is vested in the Supreme Court (Real Property Tax Law, § 702). The only question presented, therefore, is whether there is an inherent inconsistency between these offices.
The duties of an elected town assessor may be summarized as estimating the value of all real property located within the town (Real Property Tax Law, §§ 102[3], 500, 514; Town Law, § 33); those of a village justice as presiding over all matters within the jurisdiction of the justice court (Uniform Justice Court Act, §§ 103, 106); and those of a village zoning officer as enforcing the zoning regulations of the village (Village Law, Art 7). The duties of a village justice and village zoning officer are independent of, and do not conflict with, those of a town assessor. We find no inconsistency between these duties as would render these offices incompatible.
We distinguish 1950 Op Atty Gen (Inf) 200 and 1973 Op Atty Gen (Inf) 98, in which we concluded that the offices of town assessor and village mayor are incompatible where the village adopts the town's assessment roll for village tax purposes, and Op Atty Gen (Inf) 82-51, in which we stated that the offices of town assessor and village trustee are incompatible if the village uses the town assessment roll for village tax purposes or if the board of trustees constitutes the village assessors. Here, unlike in the case of a village mayor or village trustee, a village justice or village zoning officer has no authority to assess village property for village tax purposes (see, Village Law, § 3-301[2][b]) or to provide for the use of the town's assessment roll for such purpose (see, Real Property Tax Law, § 1402[2]). In this situation, therefore, there is no potential for divided loyalties between the town and village in preparing the town's assessment roll.
We note, however, that there are ethical constraints on a village justice's running for a non-judicial office (see, Code of Judicial Conduct, Canon 7[A][3]). Finally, we direct your attention to General Municipal Law, § 806, which mandates that the governing body of each town and village adopt a code of ethics setting forth the standards of conduct expected of its officers and employees. We recommend that you review the local code to determine whether any provisions prohibit the holding of the offices in question.
We conclude that one person may simultaneously serve as an elected town assessor and as a village justice or village zoning officer, unless prohibited by the local code of ethics.